IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD HERBERT,                          3:13-CV-01888-BR

        Plaintiff,                   OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Gerald Herbert seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      At some point before November 2009 Plaintiff filed an application for SSI alleging a disability onset date of December 1, 2001.  Tr. 240.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) found Plaintiff was not disabled, Plaintiff appealed the

---

      [1] Citations to the official transcript of record filed by the Commissioner on March 10, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

matter to the United States District Court, and the District Court remanded the matter to the ALJ for further consideration.[2] Tr. 240.  On March 25, 2010, an ALJ issued a decision on remand in which she found Plaintiff was not disabled and, therefore, was not entitled to benefits.  Tr. 240-50.  It does not appear Plaintiff appealed that decision to the Appeals Council.

Approximately two weeks later on April 7, 2010, Plaintiff filed another application for SSI, alleging a disability onset date of December 1, 2001.  Tr. 144.  The application was denied initially and on reconsideration.  A different ALJ held a hearing on April 11, 2012.  Tr. 28-51.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on June 22, 2012, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-27.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on March 20, 2013, when the Appeals Council denied Plaintiff's request for review.


## BACKGROUND

Plaintiff was born on November 25, 1955, and was 56 years

---

[2] The record does not contain any of the documentation related to this decision by the ALJ or the remand by the District Court.

old at the time of the April 11, 2012, hearing.  Tr. 52.
Plaintiff has a high-school education.  Tr. 34.  He has past
relevant work experience as a small-products assembler.  Tr. 45.

Plaintiff alleges disability due to chronic obstructive
pulmonary disease (COPD), emphysema, and high blood pressure.
Tr. 149.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 22-23.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5 - OPINION AND ORDER

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since his April 7, 2010, onset date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of COPD, asthma, history of pancreatitis, and history of alcoholism.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform "light work . . . except he should avoid exposure to respiratory irritants such as dust, fumes, and odors."  Tr. 21.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work.   Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 23.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly failed to adopt the findings of the March 25, 2010, decision and

8 - OPINION AND ORDER

(2) made findings at Step Four that were not supported by substantial evidence in the record.

## I. The ALJ did not err when he failed to adopt the findings of the March 25, 2010, decision.

The Social Security Act provides "[t]he findings and decisions of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h).  In addition, the Ninth Circuit recognizes a "first administrative law judge's findings concerning [a] claimant's residual functional capacity, education, and work experience are entitled to some *res judicata* consideration in subsequent proceedings."  *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988)(citing *Lyle v. Sec'y of Health & Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir. 1983)).  Accordingly, "[t]he principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."  *Chavez*, 844 F.2d at 693 (citation omitted).  "'In the social security context, a previous finding that a claimant is not disabled creates a presumption of continuing nondisability.'"  *Scott v. Colvin*, No. 13-CV-1189 W(DHB), 2014 WL 3797491, at *13 (S.D. Cal. Aug. 1, 2014)(citing *Sam v. Astrue*, No. 1:09cv0971 DLB, 2010 U.S. Dist. LEXIS 131307, at *19-20 (E.D. Cal. Nov. 29, 2010)).  "'The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's

9 - OPINION AND ORDER

findings of nondisability, must prove 'changed circumstances' indicating a greater disability.'"  *Id*. (quoting *Chavez*, 844 F.2d at 693).

In the March 25, 2010, decision the ALJ found Plaintiff had the capacity to perform light work except that he could only occasionally kneel, crouch, crawl, or climb; he could not climb ladders, ropes, or scaffolds; and he should avoid fumes, odors, dust, gasses, poor ventilation, heights, and moving machinery. Tr. 244.  As noted, in the June 22, 2012, decision currently under review, the ALJ found Plaintiff had the capacity to perform light work and should avoid exposure to respiratory irritants such as dust, fumes, and odors.  The ALJ did not find Plaintiff had limitation in his ability to kneel, crouch, crawl, or climb. Plaintiff contends the ALJ erred in his June 22, 2012, decision when he did not adopt the limitations of the March 2010 decision related to Plaintiff's ability to kneel, crouch, crawl, or climb.

When he declined to adopt the limitations of the March 2010 RFC, the ALJ acknowledged the holding of *Chavez*, noted an SSA Ruling related to the application of *Chavez*, and explained the effect of *res judicata* on this matter:

> The Commissioner of Social Security issued
> Acquiescence Ruling (AR) 97-4(9) in order to
> clarify how SSA will apply the *Chavez* decision
> . . . .  When adjudicating the subsequent claim
> involving an unadjudicated period, adjudicators
> will apply a presumption of continuing
> nondisability and determine the claimant is not
> disabled with respect to that period, unless the

claimant rebuts the presumption. The claimant may
rebut the presumption by showing a "changed
circumstance" affecting the issue of disability
with respect to the unadjudicated period, *e.g.*, a
change in the claimant's age category under 20 CFR
416.963, an increase in the severity of the
claimant's impairments, the alleged existence of
an impairment not previously considered, or a
change in the criteria for determining disability.
Even if the claimant rebuts the presumption by
showing a change of material circumstances,
adjudicators then must give effect to certain
findings, as explained below, contained in the
final decision by an ALJ on the prior claim when
adjudicating the subsequent claim. For this
purpose, AR 97-4(9) applies only to a finding of a
claimant's residual functional capacity,
education, or work experience, or other finding
required at a step in the sequential evaluation
process for determining disability provided under
20 CFR 416.920 or 416.924, which was made in the
final decision on the prior disability claim.
Adjudicators must adopt such a finding from the
final decision on the prior claim in determining
whether the claimant is disabled with respect to
the unadjudicated period *unless there is new and
material evidence relating to such a finding* or
there has been a change in the law, regulations or
rulings affecting the finding or the method for
arriving at the finding.

Tr. 19 (emphasis added).

The ALJ here found Plaintiff established "changed
circumstances" from the previous ALJ's decision because after the
March 2010 decision Plaintiff moved into the "advanced age"
category, which begins at 55. *See* 20 C.F.R. §§ 404.1563,
416.963. The ALJ, however, found the record contained sufficient
new and material evidence related to Plaintiff's RFC to permit
the ALJ to "redetermine" Plaintiff's RFC. Specifically, the ALJ
noted records of treatment that Plaintiff received after the

11 - OPINION AND ORDER

March 2010 decision do not support Plaintiff's postural limitations set out in the March 2010 RFC.  For example, in August and December 2010 Plaintiff's treating physician Sounak Misra, M.D., noted Plaintiff had normal range of motion in his joints and did not have any muscle weakness.  Tr. 214, 217. Dr. Misra did not note any postural limitations.  The ALJ also pointed out that nonexamining physician Richard Alley, M.D., opined in January 2011 that Plaintiff suffered from COPD and hypertension.  Tr. 55.  Dr. Alley, however, also opined Plaintiff was capable of medium work and should avoid exposure to fumes, odors, dusts, gases, and poor ventilation.  Tr. 57.

On this record the Court concludes the ALJ did not err when he failed to adopt the March 2010 RFC because he relied on sufficient new and material evidence in the record to support his decision.

## II.  The ALJ did not err at Step Four.

Plaintiff contends the ALJ erred at Step Four when he found Plaintiff could perform his past relevant work as that work was generally performed in the national economy.

As noted, the ALJ found at Step Four that Plaintiff could perform his past relevant work as a small-products assembler as that job is generally performed in the national economy.  The ALJ noted:

Although it was found in the prior ALJ decision
that the claimant could not return to his past
relevant work, the record does not indicate
whether the question was asked if he could do this
job as performed in the national economy.
Furthermore, due to new medical evidence the
claimant's current residual functional capacity is
not identical to that found in the prior ALJ
decision.

Tr. 23.  In the present proceeding "[t]he vocational expert
testified that as the claimant performed assembly work, it
involved exposure to respiratory irritants but as generally
performed in the national economy, it does not.  It is light
exertion work and does not require the performance of tasks
precluded by the claimant's residual functional capacity."
Tr. 23.

On this record the Court concludes the ALJ did not err when
he did not adhere to the March 2010 Step Four finding and instead
found at Step Four that Plaintiff could perform his past relevant
work as that work is performed generally in the national economy
because the ALJ relied on sufficient new and material evidence in
the record to support his decision.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

13 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 1st day of October, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER